# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D21-623
_____

PHYLLIS JAYNE and SHERRI
BAXTER, personal
representatives for the estate of
Sandra Graves,

    Appellants,

    v.

BEEF O'BRADY'S OF DEFUNIAK
SPRINGS, LLC, and CITY OF
DEFUNIAK SPRINGS,

    Appellees.

_____

On appeal from the Circuit Court for Walton County.
Jeffrey E. Lewis, Judge.

September 14, 2022


PER CURIAM.

    AFFIRMED.

B.L. THOMAS and NORDBY, JJ., concur; MAKAR, J., dissents with
opinion.

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

M<small>AKAR</small>, J., dissenting.

This case involves claims of negligence and wrongful death against the City of DeFuniak Springs (City) arising from the death of Sandra Graves, who was murdered by Stephen Taylor at her home; both Graves and Taylor had worked at a restaurant, Beef O'Brady's, where Taylor was alleged to have been violent against women, including having an explosive temper (the restaurant is not a part of this appeal).

The theory of tort recovery by Graves's estate is that the City, through its police department, made specific assurances to the victim, Graves, that it would escort her home from her workplace, do security checks at her home, and issue a trespass warning against Taylor, none of which was performed, resulting in Taylor's murder of Graves at her home after returning from work unescorted. The trial judge dismissed the case with prejudice, finding the allegations failed to establish a duty on the City's behalf as to Graves, leading to this appeal.

The estate argues that it pled the elements of a "well developed" and "entrenched" common tort claim against the city under the so-called "undertaker's doctrine." *Wallace v. Dean*, 3 So. 3d 1035, 1051 (Fla. 2009) ("[T]he undertaker's doctrine is a well-developed, entrenched aspect of Florida tort law."). The doctrine regards the potential tort liability of persons or entities that agree to assume or accept (i.e., undertake) a duty to provide services for the protection of another, but fail to exercise reasonable care in doing so. Our supreme court specified the standard for liability in such cases:

> One who undertakes, gratuitously or for consideration, to render services to another which he

2

should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, *or*
(b) he has undertaken to perform a duty owed by the other to the third person, *or*
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1186 (Fla. 2003) (quoting Restatement (Second) of Torts § 324A (1965)) (emphases added). The italics highlight the three ways the doctrine may apply.

Here, the factual allegations, which are accepted as true in evaluating a motion to dismiss, are as follows:

On June 14, 2017, Graves filed for a trespass warning against Taylor with the City, learning of Taylor's criminal history. Four days later, the manager of the restaurant called the City police department and told them that Graves was in fear for her life from co-employee Taylor. City police came to the restaurant and escorted Graves home, assuring her that they would continue to follow her home, that security checks would be performed, and that a trespass would be issued. Graves relied on the representations and thereafter did not seek the help from others who would have been available to assist her based on that reliance.

On June 21, 2017, at 10:30 p.m., City officer Jodie Feliccia sent an e-mail to the entire police department directing City police to perform security checks at Graves's address for the next two (2) weeks regarding a "13P" (suspicious person) identified as Taylor, and to issue a trespass warning if any contact was made with Taylor. A few days later, just before noon on July 25, 2017, City police made contact with Taylor at a Burger

3

King but failed to issue a trespass notice. At that time, City police knew that Taylor was on probation, had a history of violence towards women, was sending violent and sexual messages to a former paramour, and was a "13P" as to Graves, yet they failed the direct command (in the office-wide email) to issue the trespass warning on Taylor.

Graves was murdered by Taylor later that afternoon. After she finished her work shift, Graves went home, unescorted. Had City police escorted her home as they had told her and were obligated to do, they would have discovered Taylor lying in wait to kill her inside her home.

These allegations show (1) express assurances to Graves (to escort her home, to perform security checks at her home, and to issue a trespass notice against Taylor); (2) justifiable reliance by Graves on the promises of assistance (she did not seek the help from others who would have been available to assist her otherwise); and (3) harm suffered because of the reliance upon the express promise or assurance of assistance (her death). These allegations, which may be proven inaccurate at the motion for summary judgment stage, are assumed true for de novo review in this appeal and meet the requirements of the undertaker doctrine. *See Clay Electric, supra*; *Wallace, supra*. Dismissal of the estate's claim was thereby error.

A number of cases support the legal theory alleged and characterize the category of undertakings at issue in this case as operational level in nature, rather than policy-based discretionary decisions, thereby overcoming sovereign immunity concerns. For example, in *Hartley v. Floyd*, 512 So. 2d 1022 (Fla. 1st DCA 1987), the widow of a fisherman called the Levy County Sheriff's Office to request assistance in locating her husband who did not come home when he said he would. She asked the sheriff's office to help determine if his truck was still at the boat ramp. The deputy told her that they would have someone check the boat ramp, but did not do so. When she called back, they told her that the boat ramp had been checked and her husband's truck was not there. Assuming her husband was safe, she delayed additional efforts to

4

locate her husband, whose boat had capsized, and he died before help could eventually reach him.

In concluding a duty existed, this Court found that the "decision whether to comply with Mrs. Floyd's request that the sheriff's office determine if her husband's truck and trailer were still at the Cedar Key boat ramp *was initially a discretionary judgmental decision* for which there would be no liability if Deputy Legler had decided not to comply with the request and had so advised Mrs. Floyd." *Id.* at 1024 (emphasis added). It held, however, that "once he advised her that he would comply with her request to inspect the boat ramp and told her he would contact the Coast Guard, he had a duty to perform these tasks with reasonable care. *His negligent failure to perform the tasks once he agreed to do so can be a basis for holding the sheriff liable.*" *Id.* (emphasis added). Moreover, once the deputy "agreed to perform the tasks *his actions thereafter ceased to be discretionary actions and became merely operational level activities which must be performed with reasonable care and for which there is no sovereign immunity.*" *Id.* (emphasis added). Here, there was a known, identifiable danger, along with failed promises to escort Graves home, provide safety checks to her, and to issue a trespass notice against Taylor, which fall squarely within the caselaw.

Notably, the trial judge in this case cited *Parrotino v. Jacksonville*, 612 So. 2d 586 (Fla. 1st DCA 1992), as "eerily similar" to this case because this Court "determined that the City of Jacksonville owed no duty of care to the Plaintiff" in that case. He concluded that *Parrotino* required dismissal here. But he made a big oversight. In *Parrotino*, the *city* was properly dismissed, because no allegations were made of a special relationship or undertaking as to the city. Overlooked is that this Court *allowed* a negligence claim against *the state attorney*, who had promised to pursue a "restraining order" to protect the victim—*a claim eerily similar to Graves's claim in this case*. This Court held that the failure to pursue the restraining order "was operational in nature" and thereby "not entitled to the protection afforded by the doctrine of governmental immunity." *Id.* at 591. Thus, rather than supporting dismissal of the estate's claims, *Parrotino* directly supports allowing them to proceed.

5

In conclusion, the trial court erred in concluding that the estate failed to state a tort claim for relief based on the undertaker doctrine. Accordingly, the order of dismissal should be reversed.

_____

Marie Mattox, Marie Mattox, P.A., Tallahassee, for Appellants.

Zackery A. Scharlepp, Coppins Monroe, P.A., Tallahassee, for Appellees.